IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN OF MICHIGAN
SOUTHERN DIVISION

Thomas E. Perez, Secretary of Labor,
United States Department of Labor,

    Plaintiff,

v.

Service Employees International
Union Healthcare Michigan,

    Defendant.
_____/

Civil No.

Honorable
Mag. Judge

## COMPLAINT

Plaintiff, Thomas E. Perez, Secretary of Labor, alleges as follows:

## NATURE OF THE ACTION

1. This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-84 (the "Act"), for a judgment declaring that the March 22, 2013 election of union officers conducted by Service Employees International Union, Healthcare Michigan (Defendant) for the offices of President, Secretary-Treasurer, Recording Secretary, Vice President Nursing Home Division, Vice President Home Care Division, Vice President Hospital Division, Vice President Nurse Alliance Division, Vice President Detroit Medical Center, Vice President Oakwood Health Care Systems, Vice President

1

Mercy Health Partners, Nursing Home Executive Board Region 2, Home Care Executive Board Region 2, Hospital Executive Board Region 2, Nursing Home Executive Board Region 3, Hospital Executive Board Region 5, is void, and directing Defendant to conduct a new election, with new nominations, for these offices under Plaintiff's supervision, and for other appropriate relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3. Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff, Thomas E. Perez, is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5. Defendant is, and at all times relevant to this action has been, an unincorporated association residing within the County of Wayne, Michigan, within the jurisdiction of this district.

## FACTUAL ALLEGATIONS

6. Defendant is, and at all times relevant to this action has been, a Local labor organization engaged in an industry affecting commerce within the meaning

2

of sections 3(i), 3(j) and 401(b) of the Act (29 U.S.C. §§ 402(i), 402(j) and 481(b)).

7. Defendant, purporting to act pursuant to the SEIU Healthcare Michigan Nominations and Election Guidelines for the 2013 Election conducted an election of officers on March 22, 2013, and this election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481-484).

8. By letter dated April 3, 2013, to the Defendant's Election Committee Chair, the complainant, Johnnie Jolliffi, a member in good standing of Defendant, protested the election of officers.

9. In its decision issued May 9, 2013, the Defendant's Election Committee recommended that the Executive Board deny the protest.

10. In its report dated June 5, 2013, the Defendant's Executive Board denied the protest.

11. Jolliffi appealed the decision of the Defendant's Executive Board to the SEIU International Secretary-Treasurer by letter dated June 11, 2013 and received on June 13, 2013.

12. Having invoked the remedies available for three calendar months without receiving a final decision after invocation, Jolliffi filed a timely complaint with the Secretary of Labor on July 8, 2013, within the one calendar month required under section 402(a)(2) of the Act, 29 U.S.C. § 482(a)(2).

13. In a series of letters, the Defendant agreed that the time within which the Plaintiff may bring suit with respect to the Defendant's aforesaid election be extended to July 15, 2014.

14. Pursuant to section 601 of the Act (29 U.S.C. § 521), and in accordance with section 402(b) of the Act (29 U.S.C. § 482(b)), the Plaintiff investigated the complaint and, as a result of the facts shown by his investigation, found probable cause to believe that: (1) violations of Title IV of the Act (29 U.S.C. §§ 481-484) had occurred in the conduct of the Defendant's March 22, 2013 election; and (2) that such violations had not been remedied at the time of the institution of this action.

## CAUSE OF ACTION

15. Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), during the conduct of the aforesaid election, in that Defendant failed to mail ballots containing the election notice to all members of the local at their last known home addresses.

16. Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), during the conduct of the aforesaid election, in that Defendant failed to maintain an accurate mailing list of the members' home addresses to be used in the election, which denied members a reasonable opportunity to vote in the election.

17.  The violations of section 401(e) of the Act (29 U.S.C. § 481(e)) may have affected the outcome of the Defendant's election for the offices of President, Secretary-Treasurer, Recording Secretary, Vice President Nursing Home Division, Vice President Home Care Division, Vice President Hospital Division, Vice President Nurse Alliance Division, Vice President Detroit Medical Center, Vice President Oakwood Health Care Systems, Vice President Mercy Health Partners, Nursing Home Executive Board Region 2, Home Care Executive Board Region 2, Hospital Executive Board  Region 2, Nursing Home Executive Board Region 3, Hospital Executive Board Region 5.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(a)  declaring the Defendant's election for the offices of  President, Secretary-Treasurer, Recording Secretary, Vice President Nursing Home Division, Vice President Home Care Division, Vice President Hospital Division, Vice President Nurse Alliance Division, Vice President Detroit Medical Center, Vice President Oakwood Health Care Systems, Vice President Mercy Health Partners, Nursing Home Executive Board Region 2, Home Care Executive Board Region 2, Hospital Executive Board  Region 2, Nursing Home Executive Board Region 3, Hospital Executive Board Region 5 to be void;

(b)  directing the Defendant to conduct a new election, with new nominations, for the offices of President, Secretary-Treasurer, Recording Secretary, Vice President Nursing Home Division, Vice President Home Care Division, Vice President Hospital Division, Vice President Nurse Alliance Division, Vice President Detroit Medical Center, Vice President Oakwood Health Care Systems, Vice President Mercy Health Partners, Nursing Home Executive Board Region 2, Home Care Executive Board Region 2, Hospital Executive Board Region 2, Nursing Home Executive Board Region 3, Hospital Executive Board Region 5, under the supervision of the Plaintiff;

(c)  for the costs of this action; and

(d)  for such other relief as may be appropriate.

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

BARBARA L. MCQUADE
United States Attorney

*s/LAURA ANNE SAGOLLA*
LAURA ANNE SAGOLLA  (P63951)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan  48226
Phone:  (313) 226-9774

Dated:  July 17, 2014        E-mail: laura.sagolla@usdoj.gov

OF COUNSEL:

M. PATRICIA SMITH
Solicitor of Labor

CHRISTOPHER B. WILKINSON
Associate Solicitor

JEFFREY LUPARDO
Senior Attorney

SHARON E. HANLEY
Counsel for Labor-Management Programs


U.S. Department of Labor