## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

**THOMAS E. PEREZ**, Secretary of Labor,
United States Department of Labor,

                      Plaintiff,            Case No: 2:14-cv-12804

      v.

                                       Honorable Gerald E. Rosen

**SERVICE EMPLOYEES**                Mag Judge R. Steven Whalen
**INTERNATIONAL UNION**
**HEALTHCARE MICHIGAN,**
                      Defendant.

## STIPULATION OF SETTLEMENT AND ORDER

Plaintiff, **Thomas E. Perez**, Secretary of Labor, United States Department

of Labor ("Secretary" or "Plaintiff"), having filed his complaint and Defendant,

**Service Employees International Union, Healthcare Michigan** ("Defendant" or

the "Local Union"), having appeared by counsel and having answered, and in order

to resolve this action without the necessity of further litigation, the parties stipulate

and agree as follows:

1.      Plaintiff brought this action under Title IV of the Labor-Management

Reporting and Disclosure Act of 1959 (Act of September 14, 1959, 73 Stat. 519, *et*

*seq*., 29 U.S.C. § 401, *et seq*.), hereinafter referred to as the Act, requesting a

judgment declaring that the Local Union's elections for the offices of President,

Secretary-Treasurer, Recording Secretary, Vice President Nursing Home Division,

Vice President Home Care Division, Vice President Hospital Division, Vice

President Nurse Alliance Division, Vice President Detroit Medical Center, Vice President Oakwood Health Care Systems, Vice President Mercy Health Partners, Nursing Home Executive Board Region 2, Home Care Executive Board Region 2, Hospital Executive Board Region 2, Nursing Home Executive Board Region 3, and Hospital Executive Board Region 5, which were concluded on March 22, 2013, be declared void and requesting that a new election for those offices be conducted under the supervision of the Plaintiff.

2.      Plaintiff alleged that violations of Title IV of the Act (29 U.S.C. § 481, *et seq.*) had occurred and had not been remedied at the time of the institution of this action.  The Local Union denies the violations alleged.

3.      Plaintiff and the Local Union agree to entry of an order directing that the next regularly scheduled election of officers of the Local Union, including nominations, be conducted under the supervision of the Secretary, to be concluded on or before March 22, 2016. It is further stipulated that:

a.      The election will be conducted by mail ballot;

b.      Nominations for office shall take place at the regular membership meeting in January 2016.

c.      At least 45 days' notice shall be given of the time and place of the meeting where nominations will take place.

d.      The election of union officers shall take place no more than 60

days and no less than 30 days following the closing of

nominations.

e.   The supervised election shall be conducted in accordance with

Title IV of the Act (29 U.S.C. § 481, *et seq.*) and, insofar as

lawful and practicable, in accordance with the Local Union's

Constitution and Bylaws and the decisions of the Secretary with

regard thereto shall be final, subject to review by the Court; and

f.   The individuals elected to office in the supervised election shall

begin their terms of office at the next regular membership

meeting, following the date of the union's election, in

accordance with the Local Union's Constitution and Bylaws,

and shall serve until the expiration of their terms of office.

4.   This order is in settlement of the instant litigation and is not intended

and should not be construed as an admission by the Local Union that the Local

Union or any of its officers or employees or agents violated Title IV of the

LMRDA.

5.   The Court shall retain jurisdiction of this action, and after completion

of the supervised election, Plaintiff shall certify to the Court the name of the

persons so elected, and that such election was conducted in accordance with Title

IV of the Act, and insofar as lawful and practicable, in accordance with the

provisions of the Defendant's Constitution and Bylaws.

Upon approval of such certification, the Court shall enter a Judgment declaring that such persons have been elected as shown by such certification, and further, that each party hereby agrees to bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

**SO ORDERED.**

s/Gerald E. Rosen

**Dated: November 14, 2014** **Gerald E. Rosen**
**United States District Judge**